UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHERRY HINTON,**
                **Plaintiff,**

**-vs-**                                                                      **Case No. 6:14-cv-1407-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**
                **Defendant.**
_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff filed for SSI benefits on May 19, 2011 (R. 239)[1] due to fibromyalgia, neck pain, COPD, aneurism in artery that supplies spleen, headaches, pain in abdomen, and depression. R. 121,

---

[1] Although Plaintiff alleged an onset of disability on January 1, 2008, the ALJ used the application date, May 19, 2011 as the beginning point for determining disability. R. 89; Doc. 21 at 5.

243, 251. Her application was denied initially and upon reconsideration. R. 154-65. Plaintiff requested a hearing, which was held on November 8, 2012, before Administrative Law Judge Janet Mahon (hereinafter referred to as "ALJ"). R. 100-19. In a decision dated December 13, 2012, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 87-95. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied Plaintiff's request on June 25, 2014. R. 1-7. Plaintiff filed this action for judicial review on August 29, 2014. Doc. 1.

### B.     Medical History and Findings Summary

At the time of the hearing, Plaintiff was forty-six years of age and had completed the eleventh grade. R. 103. Prior to the alleged onset date (SSI application date) of May 19, 2011, Plaintiff's past relevant work consisted of that of a yard worker, heavy, unskilled work; sales clerk in the food industry, heavy, semi-skilled work; waitress, light, semi-skilled work; construction worker II, very heavy, unskilled work; and a fast food worker, light, unskilled work. R. 89, 115.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of coughing and breathing problems from COPD and emphysema, upper back, chest, arms and stomach pain, fibromyalgia, and depression. R. 275-77, 280, 283, 438. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from acute bronchitis, chronic obstructive pulmonary disease, obesity, and depression, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 89. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work, with the following additional limitations: may occasionally climb stairs or ramps, but must never climb ropes, ladders or scaffolds; may occasionally crawl, stoop, crouch, crawl and bend; must

avoid even moderate exposure to extreme heat, fumes, odors and gases; must avoid concentrated exposure to humidity; and may perform only simple, routine tasks. R. 91. Based upon Plaintiff's RFC, the ALJ determined that she could not perform past relevant work. R. 93. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy as addresser, charge account clerk, and cutter and paster of press clippings. R. 94. Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Act, since May 19, 2011, the date the application for social security income was protectively filed. R. 94-95.

Plaintiff now asserts three points of error. First, she argues that the ALJ erred in determining that the claimant has the residual functional capacity to perform light work (with additional limitations) after failing to weigh and adequately consider all the pertinent evidence and opinions in the record. Second, she contends the ALJ erred by improperly relying on the testimony of the Vocational Expert based on a hypothetical question that did not adequately all of Plaintiff's limitations. Third, Plaintiff argues the ALJ erred by improperly applying the pain standard and in evaluating her credibility. For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED.**

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C.

§ 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her

-4-

from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

## III.  ISSUES AND ANALYSIS

### A.  RFC and the physicians' opinions

Plaintiff contends that the ALJ should not have found her able to perform light work (with some additional non-exertional limitations) after failing to weigh and adequately consider all the pertinent evidence and opinions in the record. The Commissioner argues that there was no harmful error in the ALJ's consideration of the medical evidence.

The ALJ determined Plaintiff had the RFC to perform light work with additional limitations: may occasionally climb stairs or ramps, but must never climb ropes, ladders or scaffolds; may occasionally crawl, stoop, crouch, crawl and bend; must avoid even moderate exposure to extreme heat, fumes, odors and gases; must avoid concentrated exposure to humidity; and may perform only simple, routine tasks. R. 91. The ALJ concluded that the Plaintiff was not capable of performing her past relevant work (R. 93), and proceeded to the fifth step of the sequential evaluation to determine, based on the VE's testimony in response to a hypothetical, that she could perform other work in the economy and she was not disabled. R. 94.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians' opinions are given more weight than non-treating physicians. *McNamee v. Soc. Sec. Admin.*, 162 F. App'x 919, 923 (11th Cir. Jan. 31, 2006)

(unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).  In this case, Plaintiff could not afford consistent medical treatment and she received most of her treatment at the Emergency Room of the local hospitals.  However, Plaintiff did undergo separate physical and mental consultative examinations.  R. 398-401, 409-12, 438-41.

Plaintiff contends that the ALJ erred in failing to consider and discuss the weight she assigned the opinions of the examining consultative psychologist, Dr. Segota, and the non-examining state agency psychologist, Dr. Pauline Hightower, Psy.D., consistent with the Eleventh Circuit's standard in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011).  In *Winschel*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2)*; Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986)).  In this case, both psychologists (examining and non-examining/reviewing) opined that Plaintiff had limitations in social functioning that the ALJ did not include in Plaintiff's RFC, or in the hypothetical to the VE.

As the ALJ noted, Plaintiff had a history of hospital visits for lung and chest pain related to Chronic Obstructive Pulmonary Disease, with related lung scarring, coughing, and broken ribs. R. 388-90.  On July 25, 2011, Dr. Alex Perdomo performed a physical consultative examination of Plaintiff for the primary complaints of shortness of breath and chronic back pain. R. 398-407. Plaintiff complained of shortness of breath and neck and lower back pain triggered by prolonged standing, walking and bending.  R. 398.  Dr. Perdomo indicated that the pulmonary functioning test was consistent with severe obstructive airway disease; and diagnosed her with a history of chronic neck

pain with mild musculoskeletal functional limitation on physical examination; history of chronic lower back pain with moderate musculoskeletal functional limitations on physical examination; Chronic Obstructive Pulmonary disease. R. 399. Plaintiff does not challenge the ALJ's determinations with regard to her physical limitations, only her mental health limitations.

At Plaintiff's mental health consultative examination, on July 28, 2011, Dr. Segota noted that Plaintiff reported experiencing sadness, decreased energy, decreased sleep, rumination, irritability, decreased concentration, hopelessness, and helplessness. R. 410. Dr. Segota diagnosed Plaintiff with Major Depressive Disorder; Panic with Agoraphobia; rule out Bipolar Disorder; with a global assessment of functioning score of 45, and recommended she "receive a psychiatric medication evaluation and ongoing psychotherapy to assist her in managing her symptoms." R. 412. Reviewing this and other evidence in the Record, the non-examining reviewing psychologist, Dr. Hightower, opined on September 29, 2011 that Plaintiff would be moderately limited in her ability to maintain attention and concentration for extended periods and moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, but she could "persist at simple and routine tasks for a regular workday at an appropriate pace and can sustain at this level over weeks and months." R. 146-47.

Although Plaintiff concedes that this could be arguably consistent with the ALJ's RFC limitation of Plaintiff to "simple, routine tasks" (R. 91), the reviewing psychologist, Dr. Hightower, also opined Plaintiff had "social interaction limitations," which the ALJ did not include in the RFC. R. 147. Plaintiff contends that the ALJ erred in failing to set forth specifically the weight she gave this evidence; without a statement of the amount of weight given, she argues it is impossible to know why the ALJ did not incorporate these social limitations into the residual functional capacity

-7-

determination. Doc. 21 (citing *Winschel*, 631 F.3d at 1179 ("In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.")).

On the one hand, the Commissioner concedes that the ALJ failed to discuss the opinions of the two psychologists, but argues these omissions were harmless errors, citing the Eleventh Circuit's opinion that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Doc. 22 at 4 (quoting *Newberry v. Comm'r, Soc. Sec.*, 572 F. A'ppx 671, 671-72 (11th Cir. 2014)). On the other hand, the Commissioner argues that the ALJ did cite to Dr. Segota's examination, and used Dr. Segota's opinions to support the ALJ's findings on the psychiatric review technique of *mild* limitations in activities of daily living and social functioning, and moderate limitations in concentration, persistence or pace in her decision (R. 90). Thus, the Commissioner argues, from this discussion and citation, it is clear that the ALJ gave weight to *portions* of Dr. Segota's opinions and relied on them in assessing the RFC. The Commissioner then cites evidence from Plaintiff's statements, noted by Dr. Segota in her examination report, about her relationships with her family that the Commissioner argues offer "contradictory views of her social capabilities."

First of all, an agency action must be upheld on the bases articulated in the agency's order and not on an argument first raised by the Commissioner on appeal in the District Court. *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010)) (holding that an agency action must be upheld on the bases articulated in the agency's order and not on an argument first raised before the magistrate judge).

Second, the statements about Plaintiff's family relationships were not cited by the ALJ in the context of discussing Plaintiff's *RFC* and there was *no* discussion of why the ALJ rejected Dr. Hightower's opinion that Plaintiff had *moderate* – not mild – limitations in social functioning. In

-8-

discussing Plaintiff's mental limitations at Step Two, the ALJ found that Plaintiff had only mild difficulties in social functioning. R. 90. The ALJ summarized Plaintiff's testimony:

> According to the claimant, her depression has gotten worse recently. Her symptoms include crying spells and avoiding others. She has not sought treatment from a mental health facility or medication due to a lack of funds. She cannot drive a vehicle well due to dizziness and poor concentration. Side effects of her medication include drowsiness, irritability and shakiness. The claimant could walk for 50 to 100 feet, but will be out of breath. Even when sitting, she becomes short of breath.

R. 91. The ALJ also found that Plaintiff "also alleged that she does not leave her house very often due to fear of being around others. However, she also stated that she regularly visits with her boyfriend and best friend and calls her mother daily." R. 90. Noting that Plaintiff alleged depression but had not sought treatment for it, the ALJ summarized the results of Dr. Segota's consultative examination from July 2011:

> The claimant alleged symptoms including sadness, decreased energy, irritability and decreased concentration. She also alleged that she does not leave her house very often due to fear of being around others.  However, she also presented as fully oriented, good insight, independent judgment and intact immediate, recent and long-term memory. Dr. Segota diagnosed her with major depressive disorder. This doctor also measured her global assessment of functioning at 45, indicating serious symptoms or any serious impairment in functioning.

R. 93. Unfortunately, the ALJ failed to discuss or comment on the weight she gave Dr. Segota's findings and failed to adopt the limitations opined by the state agency reviewing psychologist in Plaintiff's RFC. R. 93. Instead, the ALJ merely found "the claimant's allegations of disability are less than credible." She found:

> First, the objective medical and mental health records do not establish conditions that produced disabling limitations. Second, no treating doctor advised that the claimant experiences any disabling physical or psychological limitations. Viewing all of the evidence together, the undersigned finds that the claimant's subjective allegations of disability cannot reasonably be accepted as consistent with the objective medical evidence and other evidence in this case record.

R. 93.  The ALJ's finding that "no *treating* doctor advised that the claimant experiences any disabling physical or *psychological* limitations" is disingenuous in that Plaintiff had testified that she did not have regular physical or mental health treatment due to a lack of funds, and Dr. Segota recognized Plaintiff's need for regular treatment, recommending she receive psychiatric medication evaluation and ongoing psychotherapy to assist her in managing her symptoms. R. 409-12.

In the psychologist's report[2] by Dr. Hightower, who relied on Dr. Segota's examination report (R. 141) in which the specific details of family interactions (with her boyfriend, best friend, and mother) were noted, Dr. Hightower nevertheless opined that Plaintiff had "social interaction limitations" and two areas of social interaction would be "moderately limited" – her abilities to interact appropriately with the general public; and her ability to accept instructions, and respond appropriately to criticism from supervisors.  R. 147.  Dr. Hightower also opined that Plaintiff would work best in an environment in which she had limited contact with the public and reduced interpersonal demands[3]. R. 147.  In determining Plaintiff's RFC, the ALJ failed to properly consider these social limitations as set forth in Dr. Hightower's opinion, or alternatively failed to explain why she discounted it, if she did consider it.  Accordingly, the ALJ's determination of Plaintiff's RFC and her overall decision were not based on substantial evidence and must be reversed.

### B.     **Hypothetical and VE testimony**

Plaintiff argues the ALJ improperly relied on the testimony of the Vocational Expert after posing and relying on a hypothetical question that did not adequately reflect Plaintiff's mental limitations.  Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical

---

[2]The Commissioner cites to the opinion of a state agency reviewing psychologist from an slightly earlier report dated August 16, 2011.  R. 124-31. The two reports are generally consistent and both include moderate limitations in social functioning. *Cf* R. 128-31 *with* 144-48.

[3]Dr. Hightower also opined that Plaintiff had adaptation limitations and was moderately limited in the ability to respond appropriately to changes in the work setting, yet she can adapt to most changes and task demands on a sustained basis. R. 147.

-10-

questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). On remand, the ALJ will be required to include all of Plaintiff's limitations in the hypothetical to the VE.

### C.   Pain and credibility

Plaintiff asserts that the ALJ erred in finding Plaintiff was "not credible" when the record clearly revealed that the Plaintiff suffered from additional impairments not addressed by the ALJ. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).

Here, although the ALJ cited the applicable regulations and Social Security Ruling 96-7p (R. 91), as set forth above, the ALJ improperly discounted Plaintiff's social functioning limitations and incorrectly determined her credibility with regard to these limitations.

### CONCLUSION

For the foregoing reasons, the decision of the Commissioner is inconsistent with the requirements of law and is not supported by substantial evidence.  Accordingly, the Court **REVERSES** and **REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is **DIRECTED** to enter judgment consistent with this opinion and thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record